**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x

| | |
|---|---|
| POLEN SANAYI TEKSTIL DIS TICARET ANONIM ŞIRKETI, | : |
| | : |
| Plaintiff, | : |
| | : |
| -against- | : **VERIFIED COMPLAINT** |
| | : |
| | : |
| HEDAYA CAPITAL GROUP, INC., and ORIGINAL GARMENT CREATORS, LLC a/k/a Max 'n Chester, | : |
| Defendants. | : |
| | : |

------------------------------------------------------------x

Plaintiff Polen Sanayi Tekstil Dis Ticaret Anonim Şirketi ("Polen" or "Plaintiff"), by and through its attorneys, Tosolini Lamura Rasile & Toniutti, LLP, as and for its Complaint against Hedaya Capital Group, Inc. ("Hedaya"), and Original Garment Creators, LLC ("OGC") (collectively referred to herein as "Defendants") hereby alleges as follows:

## PRELIMINARY STATEMENT

1.      This is an action for breach of contract, conversion, unjust enrichment, and breach of covenant of good faith and fair dealing, and *quantum meruit.*

2.      Upon receipt of a purchase order of men's clothing goods in exchange for a payment of $95,527.09, Turkish plaintiff manufactured the ordered goods and then plaintiff delivered the goods to defendants in New York.

3.      Upon receipt of the foregoing goods, in satisfactory and timely manner, defendants, separately and jointly, sold the foregoing goods and then they failed to pay plaintiff the owed sum of $95,527.09 within the time all parties had already agreed upon.

4.      Notwithstanding plaintiff's several payment demands to defendants, they failed making to plaintiff the required payment.

1



5.      As a result, plaintiff suffered and continues to suffered financial loss. Therefore, plaintiff brings this action against defendants seeking breach of contract, conversion, unjust enrichment, and breach of covenant of good faith and fair dealing, and *quantum meruit*.

**PARTIES, JURISDICTION, AND VENUE**

6.      Plaintiff Polen is a Turkish limited liability company with its principal place of business in Istanbul, Turkey.

7.      Upon information and belief, Defendant Hedaya Capital Group, Inc. is a New York corporation with its principal place of business at 240 West, 35th Street, Suite 401, New York, New York 10001.

8.      Upon information and belief, defendant Original Garment Creators, LLC is a New York limited liability company with its principal place of business at c/o Brand Assembly, 56 West, 22nd Street, 9th Floor, New York, New York 10010 and with New York State Department of State mail process agent at The Company, 1677 Lexington Avenue, Suite 3A, New York, New York 10029.

9.      This honorable court obtains original jurisdiction of this civil action pursuant to 28 U.S.C. § 1332(a) (diversity) because plaintiff and defendants are citizens of different States and the amount in controversy exceeds the sum of $75,000.

10.     Venue is proper in this judicial district because it is where a substantial part of the events or omissions giving rise to plaintiff's claims occurred. See 28 U.S.C. §1391(b).

11.     This court may exercise personal jurisdiction over defendants because they transacted business within the State –specifically with plaintiff –and this action arises out of that business. Plaintiff and defendants entered into contractual relationship in New York and defendants' performance is contemplated to be in New York.



**FACTUAL ALLEGATIONS**

12.     Hedaya is a New York based specialty finance company that provides working capital (factoring services) to small and midsize businesses based on the quality of their accounts receivable.

13.     OGC, known also by the name "Max 'n Chester", is a New York based men's and women's designer services focused on market research, design direction, collection of design and layouts, designing complete collection, flat sketches, showroom presentation, fashion shows, photo shoots, product shoots, sales agents and sales strategies.

14.     To the best knowledge and information, Hedaya finances (factors) OGC's clothing business in order for OGC to purchase or invest in clothing products and then re-sale them.

15.     On or about March 2, 2018, OGC, acting also in the interest of and on behalf of Hedaya, jointly and individually, ordered from Polen certain men's clothing goods composed of polo-shirts, t-shirts, cardigan and shorts in exchange of payment $95,527.09.

16.     Polen was instructed that upon completion of the order production, Polen should deliver the goods directly to Hedaya, by means of FOB ("free on board") shipment, in New York, while keeping OGC informed as to when these goods would arrive at Hedaya's point of destination arrival in New York.

17.     Polen was also instructed that Hedaya would be the responsible party to take into possession the sold (shipped) goods, and Hedaya and OGC, jointly and severally, would be responsible parties to sell these goods and to pay Polen $95,527.09 within 30 days upon receipt of the goods in New York.

18.     OGC disclosed to Polen that OGC entered into this contractual relationship not only for the interest and on behalf of OGC, but also for the interest of and on behalf of Hedaya, which was fully aware of this situation including the terms of the purchase of the goods from Polen.

3

19.     On or about April 2, 2018, in a good faith basis, Polen finalized the manufacturing of the ordered goods and then it shipped them directly to Hedaya in New York, on timely and in satisfactory manner; accompanying such order with the necessary paperwork, including but not limited to certificate of origin, invoice, detailed list of goods, all addressed to Hedaya, with information to OGC.

20.     Polen kept OGC fully informed at all times, while Polen completed the purchase order and delivered the goods to Hedaya in New York.

21.     Hedaya took possession of the shipped goods, in satisfactory and timely manner.  Thereafter, to the best knowledge and information, Hedaya and OGC sold these goods.  In the end, Hedaya and OGC failed to pay Polen the owed sum of $95,527.09.

22.     To the best knowledge and information, Hedaya and OGC, jointly and separately benefited from the sale of the goods.

23.     Notwithstanding several requests made from Polen, to date Hedaya and OGC, individually and/or jointly, have failed to make the foregoing payment.

24.     Therefore, Hedaya and OGC, individually and jointly is/are held in material breach of its/their contractual obligation towards Polen; and Polen suffered and continues to suffer financial damages due to the failure from Hedaya and OGC to make the required payment in consideration of the goods produced from Polen.

25.     As a result, Polen brings this action against Hedaya and OGC seeking, among others, breach of contract, conversion, unjust enrichment, and breach of covenant of good faith and fair dealing, and *quantum meruit.*



4

## COUNT I
### (Breach of Contract)

26.     Plaintiff repeats and realleges paragraphs 1 through 25 above with the same force and effect as if fully set forth herein.

27.     Plaintiff and defendants entered into a valid and binding contract – specifically prompt payment, upon delivery of the ordered clothing goods.

28.     Plaintiff has performed any and all conditions precedent and obligations for which it is seeking payment under the contract.

29.     Defendants have materially breached the contract by failing to pay plaintiff, upon receipt of the ordered goods.

30.     Although plaintiff has demanded payment, defendants have failed and refused to pay.

31.     Plaintiff has been damaged by defendants' non-payment.

## COUNT II
### (Conversion)

32.     Plaintiff repeats and realleges paragraphs 1 through 31 above with the same force and effect as if fully set forth herein.

33.     The sold goods subject to conversion were manufactured from plaintiff and then they were sold and shipped to defendants in a specific identifiable thing.

34.     Plaintiff had ownership, possession, or control over the foregoing goods before its conversion.

35.     Defendants exercised an unauthorized dominion over the clothing goods in question, to the alteration of its condition or to the exclusion of the plaintiff's rights.



36.    Plaintiff has been financially damaged by defendants' conversion of the soled goods for their own benefits, interests and profits.

### COUNT III
### (Unjust Enrichment)

37.    Plaintiff repeats and realleges paragraphs 1 through 36 above with the same force and effect as if fully set forth herein.

38.    In consideration for the contractual relationship, defendants received the ordered goods from plaintiff.

39.    Defendants have wrongfully refused to abide by the terms of the contractual relationship. It would be unjust and inequitable to allow defendants to benefit in this manner without remuneration to plaintiff.

40.    By reason of the foregoing, defendants have been unjustly enriched at the expense of plaintiff, and plaintiff has suffered financial damages in an amount no less than $95, 527.09.

### COUNT IV
### (Breach of the Covenant of Good Faith and Fair Dealing)

41.    Plaintiff repeats and realleges paragraphs 1 through 40 above with the same force and effect as if fully set forth herein.

42.    Defendants agreed to abide by the terms of contract. Implied in this contractual relationship were defendants' covenant of good faith and fair dealing.

43.    Defendants' actions as set forth above breached this implied covenant of good faith and fair dealing.

44.    Defendants' breaches are causing substantial and imminent harm and financial damage to plaintiff.

6



45.    As a result of defendants' failure to pay plaintiff the promised sums for the goods sold to defendants, plaintiff has suffered a significant financial damage in an amount no less than $95,527.09.

**COUNT V**
**(*Quantum Meruit*)**

46.    Plaintiff repeats and realleges paragraphs 1 through 45 above with the same force and effect as if fully set forth herein.

47.    Plaintiff performed its services for entering into the contract of sale and the production of the goods in good faith basis.

48.    Plaintiff's services for production of the ordered goods were accepted from defendants freely and acknowledged to be in satisfactory and timely manner.

49.    Plaintiff reasonably expected to receive compensation from defendants for these services.

50.    The reasonable value of those services is $95,527.09.

51.    Although plaintiff has demanded payment, defendants, individually and jointly, have failed and refused to pay such sum and the amount remains unpaid.

52.    By reason of the foregoing, plaintiff has been damaged by defendants' non-payment.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Polen hereby demands judgment in its favor and against defendants Hedaya and OSC, individually and jointly, as follows:



A.    For compensatory damages in the sum no less than $95,527.09 for breach of contract relief;

B.    For compensatory damages in the sum no less than $95,527.09 for unjust enrichment relief;

C.    For compensatory damages in the sum of no less than $95,527.09 for conversion relief;

D.    For compensatory damages in the sum of no less than $95,527.09 for breach of the covenant of good faith and fair dealing relief;

E.    For equitable relief in the sum of no less than $95,527.09 for *quantum meruit*.

F.    An award of Plaintiff's costs and reasonable attorney's fees; and,

G.    For such other and further relief as may be just and proper.

Dated:  September 4, 2018
        New York, New York

                    Respectfully submitted,

                    TOSOLINI LAMURA RASILE & TONIUTTI, LLP

                    By:    /gencibilali/
                           Genci Bilali, Esq. (GB-8054)
                           70 West 36th Street, Suite 12A
                           New York, New York 10018
                           (212) 564-5400
                           genci.bilali@tlrtlaw.com

                           *Attorneys for Plaintiff*
                           *Polen Sanayi Tekstil Dis Ticaret Anonim Şirketi*

8



## VERIFICATION

I, Leon Kohen, President of Polen Sanayi Tekstil Dis Ticaret Anonim Şirketi, a plaintiff herein, verify under penalty of perjury under the laws of the United States of America that the foregoing Verified Complaint is true and correct.

Dated: September 4, 2018
     Istanbul, Turkey

Polen Sanayi Tekstil Dış Ticaret A.Ş.
Yenibosna Merkez Mah.Yalçın Koreş Cad.
Ali DuranSk.No:5   Bahçelievler-ISTANBUL
Marmara Kurumlar V.D.:732 122 8860
Mersis No:0732122886000001  Tic.Sic.454829
Tel: 0(212) 495 43 66  Fax: 0(212) 495 43 65

_____
LEON KOHEN